UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FLOYD JENNINGS, JR.,

        Plaintiff,

v.                                                                                              Case Number 08-14405
                                                                      Honorable Thomas L. Ludington

THOMAS BIRKETT and
GERALD HOFBAUER,

        Defendants.
_____/

**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**

     Plaintiff Floyd Jennings, Jr., has filed a pro se civil rights complaint under 42 U.S.C. § 1983 [Dkt. #1] and an application for leave to proceed without prepayment of the filing fee [Dkt. #2]. Plaintiff is presently confined at Chippewa Correctional Facility in Kincheloe, Michigan. He alleges that, on March 11, 2008, he was transferred from Standish Maximum Correctional Facility in Standish, Michigan, to Marquette Branch Prison in Marquette, Michigan. According to Plaintiff, Marquette Branch Prison is a non-kosher facility, and his request for a kosher diet was disregarded. As a result, during the month that he was confined at Marquette Branch Prison, he was forced to eat only fruit and crackers when they were available, and he lost about sixteen pounds in body weight. He claims that he was severely hindered from practicing his Jewish faith, which requires strict adherence to a kosher diet. He seeks money damages for the alleged violation of his constitutional rights.

     On December 2, 2008, the Court denied Plaintiff's application to proceed without prepayment of the filing fee because a check of federal court records revealed that three of Plaintiff's

prior complaints had been dismissed as frivolous or for failure to state a claim. *See Jennings v. Garrett*, No. 2:08-cv-12463 (E.D. Mich. July 1, 2008); *Jennings v. Weberg, et al.*, No. 2:06-cv-00235 (W.D. Mich. Jan. 8, 2007); *Jennings v. Gundy, et al.*, No. 1:01-cv-00646 (W.D. Mich. Dec. 19, 2001). The Court determined that Plaintiff had not alleged facts to demonstrate that he is in "imminent danger of serious physical injury," as required under 28 U.S.C. § 1915(g) when a prisoner has had three or more prior actions "dismissed on the grounds that [they are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted." Thus, the Court ordered that Plaintiff was required to prepay the filing fee of $350.00 by January 5, 2009. The Court further indicated that failure to do so may result in the dismissal of this action. As of today's date, Plaintiff has not prepaid the filing fee for this action or requested an extension to do so. Thus, the Court will dismiss the action.

Accordingly, it is **ORDERED** that Plaintiff's complaint [Dkt. # 1] is **DISMISSED WITHOUT PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 27, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 27, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

2